**Nathan G. Wagner**
SIEFERT & WAGNER, PLLC
1135 Strand Avenue, Suite A
Missoula, Montana 59801
Telephone:  406-226-2552
Facsimile:  406-226-2553
E-Mail:    nate@swl.legal; mail@swl.legal

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| ANDREW HOEL,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW DOUGHERTY, NANCY DOUGHERTY, BEN WOODS, DEVON McCREA, FRED J. NELSON, JOHN DOTY, DICK WUNDERLICH, RON ROBERTS, R. JACK CLAPP, and JOHN DOES 1-5,<br><br>Defendants. | Cause No.<br><br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

The Plaintiff, Andrew Hoel, alleges and complains as follows:

### PARTIES

1. Plaintiff Andrew Hoel is an individual residing in Lake County, Montana.

2. Defendant Matthew Dougherty is an individual residing in Lake County, Montana, who made intentional and malicious defamatory statements about Hoel to county officials and members of the public.

1

3. Defendant Nancy Dougherty is an individual residing in Lake County, Montana, who made intentional and malicious defamatory statements about Hoel to county officials and members of the public.

4. Defendant Ben Woods and Devon McCrea are Lake County Sheriff's Department Deputies ("the Deputies") who are being sued in that capacity.

5. Defendants Fred J. Nelson, John Doty, Dick Wunderlich, Ron Roberts, and R. Jack Clapp are the members of the Board of Trustees of the Polson Rural Fire District ("the Board Members") and they are being sued in that capacity.

6. Defendants John Does 1-5 are other people or entities who may be liable for the harm alleged herein.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this action arises under the Constitution and law of the United States, and because the Court has supplemental jurisdiction over the state law claims under 18 U.S.C. § 1367

8. Venue is proper in this Court because the acts and omissions alleged herein occurred in Lake County which is within the Missoula Division of the District of Montana.

9. Because these claims are not made against the State of Montana or one of its agencies, Mont. Code Ann. § 2-9-301 does not apply and Plaintiff is not required to present his claims to the Department of Administration before filing this action.

## ALLEGATIONS COMMON TO ALL COUNTS

10. Hoel re-alleges the preceding paragraphs.

11. In 2019, in Cause No. DV-19-240 ("the Underlying Action"), the Doughertys sued Hoel and an LLC of which Matthew Dougherty and Hoel were members.

12. The Doughertys alleged that Hoel had engaged in various forms of improper conduct including but not limited to deceptive conduct, theft/conversion, and fraud.

13. The Underlying Action was settled in April of 2023, pursuant to a settlement agreement under which Hoel did not admit any liability for any allegation made by the Doughertys.

14. After the settlement of the Underlying Action, and continuing through the present date, the Doughertys have intentionally and maliciously made false oral and/or written statements regarding Hoel which have resulted in harm to Hoel's reputation.

15. These statements include, but are not limited to, the Doughertys' intentional false and defamatory allegations that Hoel had engaged in elder abuse and/or exploitation, theft, criminal violations, and fraudulent or other illegal conduct.

16. Defendants Matthew and Nancy Dougherty intentionally made false reports to Lake County officials with the goal of causing Lake County to respond by filing criminal charges against Hoel.

17. On August 30, 2023, Lake County did in fact respond to the false report and

filed two counts of felony Exploitation of Elder/Disabled, causing damage to Hoel.

18. On January 9, 2024, the Doughertys wrote to former Judge Christopher and claimed that they were, "the victims of deceit and outright theft perpetrated by [Hoel]."

19. It was foreseeable to the Doughertys that making these false reports against Hoel indicating that he engaged in elder abuse/exploitation and theft would result in criminal prosecution against Hoel which would affect his employment and cause him other damages.

20. The Doughterys' false reports and defamatory statements have injured the reputation of Hoel in an amount to be determined at trial.

21. For example, on February 27, 2024, the Board Members revoked Hoel's 16-year membership with the Polson Rural Fire District.

22. Upon information and belief, the Board Members' decision was based on the criminal charges that were brought against Hoel.

23. This action by the Board Members harmed Hoel's reputation and resulted in other damages, including the loss of certain benefits.

24. Hoel appealed the revocation of his membership in the District, and the Board Members responded by notifying Hoel that, "The Board will take no action on the appeal until a future appropriate time when your situation has stabilized. It will be in touch at that time."

25. Upon information and belief, the Board Members' reference to "your situation," was a reference to the pending criminal charges.

26. On April 26, 2024, Hoel's criminal defense counsel moved the Court to dismiss the criminal charges on the grounds that Mont. Code Ann. § 45-6-333(1)(2017), which was the version of the Elder Abuse statute at the time of the alleged conduct, was unconstitutional as declared in *State v. Bowman*, Missoula County District Court Cause Number DC-17-703.

27. Defendant Lake County conceded that the law in force at the time of the offense herein was declared unconstitutionally vague, and accordingly, the County did not oppose Hoel's motion to dismiss the charges.

28. On May 31, 2024, the District Court dismissed with prejudice the criminal charges that had been filed against Hoel arising from the Doughertys' allegations.

29. As a result, Hoel became aware on or around May 31, 2024, that the charges against him were improper.

30. The Board Members have never followed through on their representation that Hoel's appeal would be considered at, "a future appropriate time when [Hoel's] situation has stabilized."

31. On August 4, 2025, Hoel wrote to the Polson Rural Fire District to request that his appeal be considered.

32. On August 14, 2025, the Board Members wrote to Hoel and stated that his

appeal had been denied on the grounds that it was, "too late," despite the Board Members prior statement that the Board would, "be in touch," at "a future appropriate time," when Hoel's "situation has stabilized."

33.    In addition, the Doughertys have intentionally and maliciously made false statements about Hoel to various businesses and individuals in the Polson community, including allegations that Hoel is a criminal and a thief.

### COUNT I—DEFAMATION & FALSE REPORTS TO OFFICIALS
### (Against the Doughertys)

34.    Hoel re-alleges the preceding paragraphs.

35.    The allegations set forth above constitute defamation *per se* via making false allegations of criminal conduct against Hoel.

36.    The Doughertys' intentional and malicious defamatory statements to government officials and members of the public have caused harm to the reputation of Hoel.

37.    The Doughertys' defamatory statements have caused Hoel's membership with the Polson Rural Fire District to be revoked.

38.    The Doughertys' defamatory statements have caused Hoel to suffer emotional distress including but not limited to sleeplessness and insomnia, loss of appetite, anxiety, embarrassment, headaches, self-consciousness, and difficulty concentrating.

39.    The Doughertys are liable for defamation and false reports to County officials

in an amount to be determined at trial.

### COUNT II—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(Against the Doughertys)*

40.  Hoel alleges the preceding paragraphs.

41.  The Dougherty's have intentionally and maliciously engaged in a course of conduct designed to inflict severe emotional distress on Hoel, including but not limited to making false statements to Lake County community members and to County authorities requesting that Hoel be prosecuted.

42.  The Doughertys' actions were done intentionally and maliciously with the intent to harm Hoel.

43.  Hoel has suffered severe emotional distress which has been accompanied by physical manifestations including weight loss, sleeplessness and insomnia, trembling and shaking, impotence, headaches, brain fog, and fatigue.

44.  The Doughertys' are liable for compensatory damages in an amount to be determined at trial.

### COUNT III—MALICIOUS PROSECUTION
Common Law and 42 U.S.C. § 1983
*(Against the Deputies)*

45.  Hoel realleges all previous allegations as if fully set forth herein.

46.  Hoel has rights under the Montana Constitution including a right to due process of law.

47.  Hoel has rights under the United States Constitution including a right to due

process of law.

48. The Deputies, in their capacity as the Lake County Sheriff's Department officials, investigated and commenced a judicial proceeding against Hoel in the Lake County District Court.

49. The statute on which the charge brought by the Deputies was based had previously been declared to be unconstitutionally vague and unenforceable.

50. Lake County eventually dropped the criminal charges but only after Hoel's reputation was ruined, resulting in the loss of his position as a volunteer fire fighter and other damages.

51. The Deputies are liable to Hoel for common law malicious prosecution.

52. The Deputies are alternatively liable to Hoel for violation of his rights under the Montana Constitution.

53. The Deputies are alternatively liable for violations of Hoel's rights under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983. See *Thompson v. Clark*, 142 S.Ct 1332 (2022); *Albright v. Oliver*, 510 U. S. 266, 281, 286 (1994).

54. Hoel's due process rights were violated by being criminally prosecuted under a statute that had been previously declared to be unconstitutionally vague and unenforceable.

55. Hoel is entitled to an award of damages against the Deputies for malicious

prosecution under the common law and for violation of his rights under the United States and Montana Constitutions.

### COUNT IV—DUE PROCESS VIOLATION
### Montana Constitution and 42 U.S.C. § 1983
### (Against the Board Members)

56. Hoel realleges all previous allegations as if fully set forth herein.

57. When the Board Members revoked Hoel's membership in the Polson Rural Fire District on February 27, 2024, they failed to follow the policies that had been adopted by the Fire District pertaining to discipline or revocation of a member's membership interest.

58. Hoel filed an appeal of the Board Members' decision, and the Board Members responded by notifying Hoel that the Board would take no action until a future appropriate time after Hoel's situation had stabilized, and that the Board would be in touch at that time.

59. Despite this representation, the Board took no action on Hoel's appeal even after the criminal charges were dismissed with prejudice.

60. When Hoel contacted the Board to request that his appeal be considered, he was told that his appeal had been denied because it was "too late."

61. Hoel had a due process right under the Montana Constitution and the Fifth Amendment to be afforded a reasonable notice and an opportunity to be heard before his rights were affected.

62. Hoel additionally was entitled to the due process protections of the Polson Rural Fire District's disciplinary policies.

63. Hoel was deprived of his right to due process by the Board Members.

64. Hoel was damaged by the deprivation of his due process rights by the Board Members when they revoked his membership without complying with the disciplinary policies, refused to consider his appeal, and when they denied his appeal.

## COUNT V—NEGLIGENCE—LAKE COUNTY

65. Hoel realleges all previous allegations as if fully set forth herein.

66. Lake County, through its County Attorney office, had a duty to use reasonable care when making the decision to prosecute a criminal offense.

67. Lake County breached the duty to use reasonable care when Lake County pursued criminal charges against Hoel under a statute that had previously been declared unconstitutional.

68. Lake County's breach of its duty of reasonable care caused Hoel to suffer harm when he was improperly charged with criminal conduct.

69. Hoel suffered damages to his reputation, lost benefits, and emotional distress to Lake County's negligence in an amount to be determined at trial.

WHEREFORE, Hoel prays for the following relief:

A. For compensatory damages allowed by law as proven at trial from the

Defendants in their official and individual capacities;

B. For punitive damages as allowed under governing Federal law;

C. For reasonable attorney's fees and costs as allowed under Montana law; and

D. For such further relief that this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Hoel demands trial by jury on all issues appropriate for jury trial.

DATED this 27th day of August, 2025.

                                           SIEFERT & WAGNER, PLLC

                                           By: /s/ Nathan G. Wagner
                                                 Nathan G. Wagner
                                                 *Attorney for Plaintiff*